UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-226-H

MICHAEL DODD                                                                                          PLAINTIFF

V.

DYKE INDUSTRIES, INC.                                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Michael Dodd ("Dodd") asserts breach of contract, fraud in the performance, and violations of K.R.S. §§ 337.055 and 337.060(2)(e) against Defendant Dyke Industries, Inc. ("Dyke Industries" or "Defendant"). He seeks damages pursuant to K.R.S. § 337.385(1). Dyke Industries has in turn filed a motion to dismiss Count Two of Dodd's complaint for failure to plead fraud with particularity, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

I.

Dodd entered into an employment compensation agreement (the "Agreement") with Dyke Industries in 1989, and continued in its employ until August 2003, when he voluntarily terminated his employment. According to the Agreement, Dodd was to be paid a sales commission of fifteen percent (15%) of the "Gross Profit on net shipments, less drawing account and any expenses paid to" Dodd. Included in the Agreement was the following equation used to compute Dodd's commissions:

*Gross Sales Price - Freight, Credit Memos, and Bad Debt = Net Sales Price*
*Net Sales Price - Cost of Item sold = Gross Profit*
*Gross Profit x 15% = Commission paid to Dodd*

Dodd alleges that Dyke Industries manipulated this equation in its favor throughout his employment with the company, causing him significant damages in the form of lost commissions on sales. Two of the principal means by which Dodd alleges Dyke Industries did this are "Zero Valuing" and "Shortcoding." Under the alleged "Zero Valuing" mechanism, Dyke Industries allegedly recorded the value of a *returned* item as $0.01, and then subtracted Dodd's sale price from $0.01 to calculate the commissions Dodd would be forced to return. Therefore, instead of forcing Dodd simply to return the original commission on the returned item (i.e. the original 15% of gross profits), Dyke allegedly deducted from Dodd's commission nearly 15% of the price at which Dodd *sold* the item (a much greater amount).

Under the "Shortcoding" mechanism, Dyke Industries allegedly altered the actual cost it paid its vendors for items Dodd sold. Under this scheme, Dyke Industries allegedly failed to record the full inventory code (which would include the price paid by Dyke Industries for the item) and instead recorded an abbreviated inventory code ("Short Code"), which did not record the actual cost of the item paid by Dyke Industries. Therefore, Dyke Industries allegedly was free to make up "any random amount" paid for the amount, and thereby manipulate both the gross profit from each item and Dodd's commission.

Dodd also alleges that Dyke Industries repeatedly and intentionally misrepresented the surcharge it applied to the cost of items Dodd sold. Dodd specifically alleges that instead of applying a blanket surcharge of two percent (2%) to the cost of the items Dodd sold, Dyke Industries would apply a blanket surcharge as high as ten percent (10%).

2

II.

The procedure for proving fraud at trial is governed by the special pleading requirements of Federal Rule of Civil Procedure 9(b). *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001). Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a plaintiff, at a minimum, must:

> [A]llege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. Essentially, the amended complaint should provide fair notice to the Defendants and enable them to prepare an informed pleading responsive to the specific allegations of fraud.

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (internal quotation marks and citations omitted). Considering a motion to dismiss, a district court must accept as true the plaintiff's well-pleaded facts and draw all reasonable inferences in favor of the complainant. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). A complaint may not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support in support of his claim that would entitle him to relief." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (internal citation omitted). However, when deciding a motion to dismiss under Rule 9(b), the court also must be aware of the policy favoring simplicity in pleadings, for Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim," and Rules 9(b) and 8 should be read in conjunction, not in isolation. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006).

Kentucky substantive law governs the elements of fraud. *McAlpin v. Burnett*, 185 F.Supp. 2d 730, 736 (W.D. Ky. 1999). There are six elements of claims for fraud under Kentucky law:

3

> a) [A] material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury.

*Id.*, *citing United Parcel Service Co. v. Rickert,* 996 S.W.2d 464, 468 (Ky. 1999).

### III.

Defendant Dyke Industries alleges that Dodd has failed to satisfactorily plead with particularity the circumstances surrounding an allegation of fraud in conformity with Federal Rules of Civil Procedure 9(b) and 12(b)(6). This Court is not so sure. Plaintiff's complaint is sufficiently detailed to alert Defendant sufficiently "to prepare an informed pleading responsive to the specific allegations of fraud." *Bledsoe*, 342 F.3d at 643. While it is true that Plaintiff has not alleged specific dates and times of alleged fraudulent statements, he has instead alleged a broad-ranging fraudulent scheme, encompassing virtually all of the transactions between Plaintiff and Defendant. The alleged "shortcoding" and "zero-valuing" schemes adequately inform Defendant of the types of fraud alleged by Plaintiff and should enable Defendant to search its records and interview its employees in order to ascertain the accuracy of Plaintiff's allegation's and establish a defense.

Although it is true that one of the principal purposes of Rule 9(b) is "to inhibit claims that are filed as a pretext to uncover unknown wrongs," *United States ex rel. Robinson v. Northrop Corp.*, 149 F.R.D. 142, 144 (N.D. Ill. 1993), that principal purpose would not justify dismissing Plaintiff's fraud claim at this time, because the process of discovery for the breach of contract and fraud claims in this case would be nearly identical. Accepting as true the Plaintiff's assertion that he was consistently shortchanged on his commissions during his employment by Defendant, there are only two possible explanations for the shortchanging: either it was

committed with fraudulent intent and in satisfaction of Kentucky's requirements for fraud (in which case it could be fraud and breach of contract) or not in satisfaction of Kentucky's requirements for fraud (in which case it could be breach of contract).  In either case, discovery will follow roughly the same contours: the same persons will be deposed, the same documents reviewed, and so forth.  While discovery may reveal facts that would justify dismissal of the fraud count on summary judgment, the fraud count as alleged by Plaintiff should not be dismissed at this time.

      The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record